1  WO

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9   Alton Parker White,                 )    No. CV 11-775-PHX-JAT
                                         )
10              Plaintiff,               )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Phillip B. Gordon, Tom Simplot, Thelda)
13  Williams, Peggy Neely, Bill Gates, Claude)
    Mattox, Sal DiCiccio, Michael Johnson,)
14  Michael Nowakowski, David Cavazos,)
    Kim E. Dorney, John S. Halikowski,)
15  Stacey Klewer Stanton, Sherrie Collins,)
    David R. Smith, Sandi Wilson, Keith)
16  Russell, Charles Hoskins, Andrew W.)
    Kunasek, Fulton Brock, Don Stapley, Max)
17  W. Wilson, Mary Rose Wilcox, City of)
    Phoenix, the Phoenix Housing)
18  Department, Equal Employment)
    Opportunity Commission, Lionel Lyons,)
19  the Arizona Commission for the Deaf and)
    Hard of Hearing, the Arizona Department)
20  of Transportation, Maricopa County, the)
    Maricopa County Assessors Office, the)
21  Maricopa County Treasurer, and the)
    Arizona Department of Transportation,)
22  Motor Vehicle Division,              )
                                         )
23              Defendants.              )
                                         )
24

25          Pending before the Court are (1) the City of Phoenix Defendants'[1] Motion to Dismiss

26  _____

27          [1]  Defendants City of Phoenix, Mayor Phillip Gordon, Tom Simplot, Peggy Neely,
28  Bill Gates, Claude Mattox, Michael Nowakowki, Lionel Lyons, Thelda Williams, Kim
    Dorney, David Cavazos, Michael Johnson, Equal Opportunity Commission, and the Phoenix

1    (Doc. 27) and Defendant DiCiccio's Joinder thereto (Doc. 53); (2) the State Defendants'[2]

2    Motion to Dismiss (Doc. 54); (3) the County Defendants'[3] Motion to Dismiss (Doc. 55); (4)

3    Plaintiff's Motion for Default (Doc. 59); (5) the City Defendants' Motion to Strike Motion

4    for Default (Doc. 62); (6) Plaintiff's Motion to Add Defendants (Doc. 71); (7) Plaintiff's

5    Motion to Amend (Doc. 72); and (8) Plaintiff's Motion to Have Defendants Served (Doc.

6    73).

7    ## I.   BACKGROUND

8        On April 20, 2011, Plaintiff filed a Complaint alleging violations of Title II of the

9    Americans with Disabilities Act ("ADA") against Defendants.  (Doc. 1).  Thereafter, on May

10   2, 2011, Plaintiff filed an amended Complaint without leave of the Court.  (Doc. 4).

11       In his Amended Complaint, Plaintiff alleges that he is "severely handicapped."  (Doc.

12   4 at 8).  Plaintiff alleges that, on August 4, 2010, he called the City of Phoenix Housing

13   Department to find out what his rights are as a handicapped person in an apartment complex.

14   (*Id.* at 7).  Plaintiff alleges that the woman who answered the phone at the Housing

15   Department would not speak slowly, loudly, or clearly enough for Plaintiff to understand her.

16   (*Id.* at 7-8).  Plaintiff alleges that, although he explained to the woman that he is severely

17   hearing impaired and that he could not hear her, she refused to heed requests to slow down

18   and to speak more loudly and clearly and, after four such requests by Plaintiff, the woman

19   told him that he could come to the front desk so someone could help him and then she hung

---

Housing Department are referred to collectively herein as the "City of Phoenix Defendants."

[2]    Defendants Arizona Department of Transportation, Arizona Department of Transportation Motor Vehicle Division, John Halikowski, Stacey Stanton, Arizona Commission for Deaf and Hard of Hearing, and Sherri Collins are referred to collectively herein as the "State Defendants."

[3]    Defendants Maricopa County, Maricopa County Assessor's Office, Maricopa County Treasurer's Offices, David Smith, Sandi Wilson, Andrew Kunasek, Fulton Brock, Don Stapley, Max Wilson, Mary Rose Wilcox, Keith Russell, and Charles Hoskins are referred to collectively herein as the "County Defendants."

1   up on him.  (*Id.* at 8).  Plaintiff alleges that, although he attempted to call the Housing

2   Department after he was hung up on, his calls went unanswered.  (*Id.* at 10).

3          Plaintiff also alleges that the City of Phoenix's Equal Opportunity Department "is

4   sued for failing to fully investigate my A.D.A. Complaint."  (*Id.* at 7).

5          As a result of these alleged violations of the ADA, Plaintiff seeks $300,000,000.00

6   plus all costs, fees and interest.  (*Id.* at 8).

7          Plaintiff next alleges that the exterior, interior, and restroom doors at two locations

8   of the Arizona Department of Motor Vehicles ("ADOT") are not automated. (*Id.* at 8).

9   Plaintiff alleges that he has repeatedly requested that the ADOT make the doors automated,

10   but his requests went unheeded. (*Id.*).  As a result of these alleged violations of the ADA,

11   Plaintiff seeks $500,000,000.00, plus all costs, fees, and interest.  (*Id.* at 9).

12          Plaintiff next alleges that, despite "a lot of" requests from Plaintiff, the doors to the

13   telephones and restrooms at the County Assessor's Office, the County Treasurer's Office,

14   and the "Law Library" are not handicap accessible.  (*Id.* at 10).  As a result of these alleged

15   violations of the ADA, Plaintiffs seeks $100,000,000.00, all costs, fees, and interest, and for

16   all doors to be made handicap accessible.  (*Id.*).

17          Plaintiff next alleges that the doors to the Arizona Commission for the Deaf and Hard

18   of Hearing are not automated.  (*Id.* at 11).  As a result of these alleged violations of the ADA,

19   Plaintiff seeks $100,000,000.00, plus all costs, fees, interest, for the doors to be made

20   automated, and "no retaliation." (*Id.* at 10-11).

21          Defendants[4] now move to dismiss Plaintiff's Complaint for failure to state a claim

22   upon which relief can be granted.

23      **II.**    **LEGAL STANDARD**

24          To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

25

26        [4]   Although the City Defendants (including Defendant DiCiccio), the State

27   Defendants, and the County Defendants have filed separate motions to dismiss, the majority
of their arguments overlap.  Accordingly, the Court will only distinguish between the

28   Defendants' arguments if there is an argument that does not apply to all Defendants.

the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  Id. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true a legal

1  conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that

2  contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

3  ## III.  ANALYSIS

4  Title II of the ADA prohibits discrimination by a public entity in its services,

5  programs, and activities.  42 U.S.C. § 12132.  To establish a violation of Title II, plaintiff

6  "must show (1) he is a qualified individual with a disability, (2) he was either excluded from

7  participation in or denied the benefits of a public entity's services, programs, or activities,

8  or was otherwise discriminated against by the public entity, and (3) such exclusion, denial

9  of benefits, or discrimination was by reason of his disability."  *Weinreich v. Los Angeles*

10  *County MTA*, 114 F.3d 976, 978 (9th Cir. 1997) (internal citation and emphasis omitted).

11  Defendants argue that Plaintiff has failed to make any allegations that would state a

12  claim under the ADA.  Defendants further argue that because there is no individual liability

13  under Title II and only an entity may be sued for Title II violations, the individual Defendants

14  should be dismissed.  Finally, Defendants argue that the Maricopa County Assessor's Office,

15  the Maricopa County Treasurer's Office, the City of Phoenix's Equal Opportunity

16  Department, and the City of Phoenix's Housing Department are non-jural entities incapable

17  of being sued, and thus, those entities must be dismissed.

18  Plaintiff has failed to allege that he is a qualified individual with a disability and/or

19  that he was excluded from or denied the benefits of a public entity's services, programs, or

20  activities, or was otherwise discriminated against.  Accordingly, Plaintiff has failed to state

21  a claim upon which relief can be granted under the ADA.

22  Plaintiff seeks leave to amend his Complaint and has attached a proposed amended

23  Complaint to his Motion for Leave to Amend.  (Doc. 72).  Because Plaintiff's proposed

24  second Amended Complaint is not materially different from his prior two Complaints,

25  Plaintiff's Motion for Leave to Amend is denied.  Further, because Plaintiff has failed to state

26  a claim upon which relief can be granted in his original complaint, his amended complaint,

27  and in his proposed amended Complaint, the Court finds that Plaintiff's Complaint could not

28  possibly be cured by allegations of other facts.

1    **IV.    CONCLUSION**

2        Based on the foregoing,

3        **IT IS ORDERED** that the City of Phoenix Defendants' Motion to Dismiss (Doc. 27)

4    and Defendant DiCiccio's Joinder thereto (Doc. 53) are granted.

5        **IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss (Doc.

6    54) is granted.

7        **IT IS FURTHER ORDERED** that the County Defendants' Motion to Dismiss (Doc.

8    55) is granted.

9        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default (Doc. 59) is denied.

10       **IT IS FURTHER ORDERED** that the City Defendants' Motion to Strike Motion for

11   Default (Doc. 62) is denied as moot.

12       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Defendants (Doc. 71)

13   is denied.

14       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 72) is denied.

15       **IT IS FINALLY ORDERED** that Plaintiff's Motion to Have Defendants Served

16   (Doc. 73) is denied as moot.

17       This case is dismissed with prejudice.  The Clerk of the Court shall enter judgment

18   for Defendants accordingly.

19       DATED this 22nd day of June, 2012.

20

21

22   _____
                James A. Teilborg
23              United States District Judge

24

25

26

27

28